UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7815 DSF (KS)                                        Date: January 9, 2023

Title   *Ann Woodson Easley v. Michael R. Moore et al.*

---

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

      On October 20, 2022, Ann Woodson Easley ("Plaintiff"), a resident of New Mexico proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint") alleging that Defendants seized her vehicle in Los Angeles and impounded it without probable cause in violation of the Fourth Amendment to the United States Constitution. (Dkt. No. 1.) Plaintiff filed the Complaint against Michel R. Moore, the police chief of the Los Angeles Police Department ("LAPD"), as well as Los Angeles Police Officer Paul Ulmer. (*Id.* at 2.) Plaintiff sues both Defendants in their official capacities only. (*Id.*)

      On November 10, 2022, the Court dismissed the Complaint with leave to amend because, despite suing both Defendants in their official capacities, Plaintiff failed to allege that any defendant acted pursuant to a policy or custom that gave rise to a constitutional violation, or that the policy in question was the cause of the harm Plaintiff alleged in First Amended Complaint and the proximate cause of the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The Court also found that Plaintiff's "claim against Defendant Moore under a supervisory liability theory is far too conclusory to survive dismissal." (Dkt. No. 7 at 8.) Finally, the Court determined that Plaintiff's prayer for punitive damages was subject to dismissal, because the lawsuit brought against these LAPD Defendants in their official capacities is "in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and the municipal entity in this case (LAPD) is immune from suit for punitive damages under section 1983. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7815 DSF (KS)                                             Date: January 9, 2023

Title   <u>Ann Woodson Easley v. Michael R. Moore et al.</u>

The Court ordered Plaintiff to file a First Amended Complaint correcting the identified defects within 30 days, *i.e.*, no later than December 12, 2022,[1] and warned Plaintiff that her failure to do so could result in a recommendation of dismissal.  (Dkt. No. 7 at 9-10.)

Nearly a month has now passed since Plaintiff's deadline for filing a First Amended Complaint, but no First Amended Complaint has been filed.  On December 12, 2022, Plaintiff lodged with the Court a flash drive containing material that is not relevant to her allegations in the Complaint.  (Dkt. No. 8.)  However, Plaintiff has not, to-date, filed a First Amended Complaint or had any further contact with the Court.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's November 10, 2022 Memorandum and Order directing Plaintiff to file a First Amended Complaint.

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before January 30, 2023**, why the Court should not recommend that this action be dismissed for the failure to prosecute.  Plaintiff may discharge this Order by filing:  (1) a request for an extension of time to file a First Amended Complaint and a declaration signed under penalty of perjury, explaining why she failed to comply with the Court's November 10, 2022 Memorandum and Order; or (2) a First Amended Complaint.  Alternatively, if Plaintiff does not wish to pursue this action, she may dismiss the Complaint without prejudice by filing a signed document entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A).

**PLAINTIFF IS WARNED THAT THE FAILURE TO RESPOND TO THIS ORDER <u>WILL</u> RESULT IN A RECOMMENDATION OF DISMISSAL.**

IT IS SO ORDERED.

                                                                                                          :
                                                                           **Initials of Preparer**    gr

---

[1] Plaintiff was afforded 32 days in total because that deadline fell on a Saturday.  Fed. R. Civ. P. 6(a)(1)(C).